COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:  In re O.O. and A.G., Relators

Appellate case number:  01-15-00430-CV

Trial court case number:  2015-02330J

Trial court:       314th Juvenile District Court of Harris County

On April 28, 2015, the trial court held a hearing pursuant to Texas Family Code section 262.201 and ordered that real party in interest, the Department of Family and Protective Services ("DFPS"), be awarded temporary managing conservatorship of the child, A.G. At that time, A.G. was placed in a medical facility for testing to determine the nature and extent of his developmental delays. In addition to awarding temporary managing conservatorship of A.G. to DFPS, the trial court limited O.O. and A.G.'s ("the parents") visitation with and access to the child to only twice a week in the hospital. The parents filed a petition for writ mandamus challenging the trial court's award of temporary managing conservatorship to DFPS, and they filed an emergency motion to stay the trial court's order limiting their visitation.

On May 8, 2015, this Court granted, in part, the relators' emergency motion and stayed the trial court's April 28 order to the extent that it had limited relators' visitation with and access to their child. *See* TEX. R. APP. P. 52.10(b). On May 22, 2015, DFPS filed an emergency motion to clarify and/or reconsider the partial stay of the April 28 order, or in the alternative, to abate our stay order until after the trial court's next status hearing, scheduled for May 28, 2015. DFPS contends that it has complied with this Court's Order by providing the child with 24-hour supervision by DFPS staff to allow the parents 24-hour access, but that this 24-hour access has hampered DFPS' efforts in finding temporary placement for A.G. before his discharge, which is scheduled for May 28, 2015. The parents filed a motion to strike an affidavit accompanying DFPS' motion to clarify and asked that we deny the motion.

We deny the parents' motion to strike and grant DFPS' alternative motion to **abate** this Court's May 8, 2015 Order staying the April 28, 2015 Order. *See* TEX. R. APP. P. 52.10(c).

We further direct the trial court to receive evidence at the May 28 status hearing and to make appropriate findings, including findings on the following issues:

(1) new medical evidence obtained as a result of A.G.'s placement in the medical facility;

(2) A.G.'s medical needs upon release from the medical facility and his parents' ability to comply with medical recommendations and any necessary court orders;

(3) re-evaluation of its custody determinations pursuant to Family Code section 262.201 in light of the additional relevant information obtained and the change in A.G.'s placement following his release from the medical facility.

Any party may move for further relief, including reinstating the stay, after the trial court's May 28, 2015 status hearing has concluded. *See id.* Further, relators are ordered to file a certified copy of the trial court's order and to request a reporter's record of any hearing, if any, **within 10 days** of the May 28, 2015 hearing. *See id.* at 52.7(b).

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes _____

              ☑ Acting individually    ☐ Acting for the Court

Date: May 27, 2015 _____